UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUISE M. CHOATE,

    Plaintiff,                                      Case No. 17-10096

vs.                                                   HON. MARK A. GOLDSMITH

CAROLYN W. COLVIN,

    Defendant.
_____/

## OPINION & ORDER
## GRANTING MOTION FOR ATTORNEY FEES (DKT. 26)

This matter is before the Court on Plaintiff's motion for an award of attorney fees (Dkt. 26). On March 15, 2018, the Court entered an Order adopting the magistrate judge's report and recommendation and entered a judgment granting Plaintiff's motion for summary judgment, denying the Commissioner's motion for summary judgment, and remanding the case under sentence four for further consideration (Dkts. 21-22). Plaintiff was subsequently awarded $8,161.35 under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Dkt. 25). On remand, Plaintiff was awarded past-due benefits of which $12,760.75, or 25% of the total award, was withheld as potential attorney fees under 42 U.S.C. § 403(b). See Not. of Award at 4 (Dkt. 26-2). Per a contingency fee agreement between Plaintiff and her attorneys, Plaintiff's attorneys filed the present motion seeking 25% of Plaintiff's award less the amount they received under the EAJA, for a total of $4,599.40 in attorney fees. Mot. ¶¶ 5-9. The Commissioner takes issue with the procedure for releasing the funds to Plaintiff's attorneys, but not the amount. Resp. at 2 (Dkt. 21). Plaintiff's counsel filed a reply brief clarifying a point that is not dispute in this motion (Dkt. 28). For the reasons discussed below, the motion is granted.

There are two statutes under which a plaintiff may recover attorney fees in a Social Security disability case. First, under the EAJA, a plaintiff may recover attorney fees paid by the Government. See 28 U.S.C. § 2412. Second, as part of the judgment in plaintiff's favor, a court may award a reasonable fee for an attorney's representation paid out of a plaintiff's past-due benefits. See 42 U.S.C. § 406(b). The fee awarded under § 406(b) may not exceed 25% of the total past-due benefits. 42 U.S.C. § 406(b)(1)(A); Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 309 (6th Cir. 2014). If fees are awarded under both the EAJA and § 406(b), counsel must refund the smaller amount to the plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

Plaintiff's attorneys seek $4,599.40 from the withheld fees, presumably with the understanding that the remaining amount would be released to Plaintiff. Because Plaintiff's attorneys have already received $8,161.35 under the EAJA, this is a perfectly sensible request. The Commissioner objects and asks the Court to order the EAJA fee be surrendered to Plaintiff, as the smaller award, and the full $12,760.75 be awarded to Plaintiff's attorneys. The Commissioner's reading of Gisbrecht, and PL 99–80 (HR 2378), PL 99–80, August 5, 1985, 99 Stat 183, is not entirely persuasive, especially because it creates needless steps to receive the attorney fees. Nonetheless, to avoid any potential procedural impediments in the agency, the Commissioner's proposed procedures will be followed.

Even though the Commissioner does not object to the amount of the fee request, the Court has an independent duty to ensure the fee award is reasonable. Fees under 42 U.S.C. § 406(b) are paid from the claimant's past due benefits. Section 406(b) attorney fees are awarded to a claimant who succeeds on her Social Security appeal, not to exceed 25% of the total past-due benefits to which the claimant is entitled:

(b) Fees for representation before court

> (1) (A) Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807 (footnote omitted).

The Sixth Circuit has explained that a court should use the 25% cap as a benchmark for evaluating the reasonableness of attorney fees, although a 25% attorney fee award is not per se reasonable. Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Courts must look to the executed fee agreement and give deference to the expression of the parties' intentions. Id. There is a "rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health & Hum. Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746).

No one has challenged that presumption, and there is no basis for reducing the requested amount. There are no allegations or indications of improper conduct or substandard performance by counsel; Plaintiff's counsel secured a past-due benefits award of more than $36,000. Nor is there any indication that Plaintiff's attorney caused any delay in this matter.

Further, awarding attorney fees in the requested amount of $12,760.75 would not result in an undeserved windfall. Nor would awarding $12,760.75 in attorney fees "unduly erode" Plaintiff's past-due benefit award. Royzer v. Sec'y of Health & Hum. Servs., 900 F.2d 981, 982 (6th Cir. 1990). According to Plaintiff's attorneys' motion, they spent 41.45 hours on this civil litigation. Mot. ¶ 6. The requested fee is reasonable based on the time spent and the results achieved. See, e.g., Castaneda v. Comm'r of Soc. Sec., No. 2:10-CV-13724, 2013 WL 2285448, at *3 (E.D. Mich. May 23, 2013) (awarding attorney fees in the amount of $15,910.00 out of a total past-due benefit amount of $63,640.00).

Plaintiff's motion for attorney fees (Dkt. 26) is granted. The Commissioner of Social Security must pay Plaintiff's attorneys $12,760.75, the full amount withheld, and Plaintiff's attorneys must refund the $8,161.35 EAJA award to Plaintiff.

SO ORDERED.

Dated: September 27, 2019       s/Mark A. Goldsmith
   Detroit, Michigan      MARK A. GOLDSMITH
                                           United States District Judge